JAMES R. BILLINGSLEY *et al.*, Plaintiffs-Appellees, v. McCULLOUGH OIL, INC., Defendant-Appellant.

Third District    No. 3—86—0509

Opinion filed February 27, 1987.

HEIPLE, J., dissenting.

Robert E. Cesner, Jr., of Worthington, Ohio, for appellant.

Ronald Hamm, of Hamm & Hanna, Ltd., of Peoria, for appellees.

JUSTICE SCOTT delivered the opinion of the court:

The plaintiffs, James R. Billingsley and his wife, are owners of rural property in Schuyler County. The plaintiffs and defendant, McCullough Oil, Inc., entered into two oil and gas leases in regard to two parcels of real estate. The term of the leases was for 12 months beginning on August 4, 1983. The plaintiffs received consideration for entering into the leases, and the documents further provided that on or before November 4, 1983, and for each three-month period thereafter during the 12-month term the defendant could keep the leases in effect notwithstanding a delay in drilling operations, provided a rental of $325.60 was paid on one tract of land and $1,100 was paid on the other larger tract.

A complaint was filed by the plaintiffs on August 10, 1984, which alleged that the defendant was obligated to the plaintiffs in the sum of $7,332 because of defendant's failure to make the quarterly payments subsequent to November 4, 1983. The complaint incorporated each of the lease contracts by attaching the same and marking them as exhibits.

The defendant answered the complaint and further included a motion entitled "judgment on the pleadings," and defendant via correspondence further requested that the pleading also be considered as a motion for summary judgment. The trial court denied the motion of the defendant and, apparently being unaware of the fact that defendant had filed an answer, directed it to do so within 14 days. A second answer was filed and a plaintiff's motion for default judgment was withdrawn.

During all the preliminary procedural skirmishing between the parties, it was the defendant's position that the plaintiff was not entitled to recover because the claimed lease payments were, by the terms of the contract sought to be enforced, payable solely at the option of the plaintiff and it (defendant corporation) was under no legal obligation to make the payments.

The case was scheduled for trial on June 16, 1986. Counsel for defendant, licensed to practice law in the State of Ohio, had been granted leave to appear on behalf of his client in the circuit court of Peoria County. Counsel for defendant chose not to appear for trial of the case, and on June 18, 1986, the circuit court entered judgment in favor of the plaintiff in the amount of $7,332. This appeal ensued.

The defendant argues that the trial court committed error in denying his motion for judgment on the pleadings and was further in error granting the plaintiffs a default judgment.

It is noted that the record in this case is very brief, containing only pleadings, correspondence of the parties, and orders of the trial court. No memorandum opinion was submitted by the trial judge in support of his decision. The briefs filed by the parties are also scant and the meager authority cited therein is of dubitable value.

Having no indication on the basis for the trial court's decision, we will address the argument of the defendant which he believes was properly before the court when the pleadings were considered in their entirety. The crux of the defendant's argument revolves around paragraph 4 and paragraph 5 of each lease. Paragraph 4 provides:

"4. The lessee shall commence operations for a well on the premises on or before November 4, 1983, unless lessee pays thereafter a rental of $325.00 for each three (3) months that operations are delayed from the time mentioned. The consideration first recited herein, the downpayment, shall cover not only the privilege granted to the date when the first said rental is payable as aforesaid, *but also the lessee's option of extending that period as aforesaid,* and any and all other rights conferred. The drilling of a nonproductive well shall be accepted by the lessor in lieu of delay rental for a period of one year after its completion, and following the exhaustion or abandonment of all wells the lessee shall have the right for a period of one (1) year to resume the payment of delay rental or commence operations for another well. Upon the resumption of payment of rentals the provisions hereof governing such payment and the effect thereof shall continue in force as though they had not been interrupted." (Emphasis added.)

Paragraph 4 in the second lease is identical with the foregoing provisions except payments for delay of operations are in the sum of $1,100 each three-month period after November 4, 1983.

After examining paragraph 4, it can be concluded that we have a document where the payment of money by the oil corporation is heralded and made conspicuous by the typewritten insertion of the sum of $325 in one lease and the sum of $1,100 in the companion lease, yet in the subsequent fine print contained in the lease an effort is made to nullify this largess.

If the defendant is of the opinion that the language of paragraph 4 grants it the option of paying or not paying the amounts set for delay in commencing operations, then counsel for defendant should have

made his appearance before the circuit court. The record in this case fails to show that counsel for defendant ever made a court appearance in this case. Judge Whitney specifically advised counsel for defendant that a ruling on a motion to dismiss would not be made until after oral argument. Subsequently Judge Ebel advised counsel for defendant "[to] please be advised that I do not conduct court business through the mail. *** Failure of counsel to appear at hearing, may result in court action adverse to the party represented by that counsel."

The trial court's decision may have been based upon the merits of the case gleaned from the pleadings or it may have been for failure of counsel to attend court or a combination of both of these reasons. In any event this court quarrels not with the trial court's decision that judgment should be in favor of the plaintiff.

▪ The defendant further argues that plaintiffs were required by paragraph 5 of the leases to give defendant 30 days' written notice by registered mail before declaring an intention to cancel the terms of the lease. We find no merit in this argument since plaintiffs did not seek to cancel the leases, but on the contrary sought to enforce provisions contained therein.

▪ The judgment in favor of the plaintiffs should be affirmed; however, we cannot reconcile the amount of damages awarded by the trial court. In fact, it appears that the plaintiffs' complaint avers that each lease contained a provision for a $1,100 delay payment every three months. The record belies this allegation since one lease provides a $325 payment and the other $1,100.

For the reasons set forth, the judgment for the plaintiffs is affirmed; however, this case is remanded to the circuit court of Peoria County with directions to conduct a hearing as to the correct amount of the defendant's monetary obligation to the plaintiffs.

Affirmed but remanded with directions.

STOUDER, J., concurs.

JUSTICE HEIPLE, dissenting:

The erroneous judgment of $7,332 in this case is apparently grounded on the fact that defendant's counsel neglected to appear for the trial. This failure to appear severely piqued the trial court. Judge Ebel advised counsel to "please be advised that I do not conduct court business through the mail. *** Failure of counsel to appear at hearing, may result in court action adverse to the party represented by

that counsel." When counsel after being so advised did not appear, Judge Young entered judgment for the plaintiff as noted.

Yet, the leases which are the subject of the litigation and which were before the court clearly indicate that the plaintiff was entitled to absolutely nothing. These oil-drilling leases provided for the up-front payment of $1,425, which was paid. Future payments were, according to the stated terms of the lease, at the lessee's option. The option not being exercised, no further payments were due.

In affirming the erroneous judgment in this case, the majority opinion states, "If the defendant is of the opinion that the language of [the lease] grants it the option of paying or not paying, *** then counsel for defendant should have made his appearance before the circuit court."

Such exercise of raw power by both the trial and the appellate courts constitutes a gross miscarriage of justice.

Accordingly, I dissent.